Alisa A. Lipski, State Bar No. 278710
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062
E-mail: alipski@azalaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>DORADO SOFTWARE, INC.,<br><br>Defendant. | Case No.:<br><br>PLAINTIFFS' ORIGINAL COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs Versata Software, Inc., f/k/a Trilogy Software, Inc. and Versata Development Group, Inc., f/k/a Trilogy Development Group, Inc. (collectively "Versata") file this Complaint for patent infringement against Defendant Dorado Software, Inc. ("Dorado").

**PARTIES**

1. Plaintiff Versata Software, Inc., ("VSI") f/k/a Trilogy Software, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

2. Pursuant to a July 1, 1998 license agreement, VSI is the exclusive licensee of the patents at issue in this action.

3. Plaintiff Versata Development Group, Inc., ("VDG") f/k/a Trilogy Development Group, Inc., is a corporation existing under the laws of Delaware with its principal place of business at 401 Congress, Suite 2650, Austin, Texas 78730.

4. VDG is the owner of the patents at issue in this action.

5. Defendant Dorado Software, Inc. is a California corporation that has its principal place of business at 110 Woodmere Road, Suite 200, Folsom, California 95630.

**JURISDICTION AND VENUE**

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**FACTS**

9. Dorado makes and sells software products, including the Dorado Redcell Device Driver Factory and the Dorado Redcell Synergy, to customers throughout the United States, including in this Judicial District.

10. As described more fully below, these products infringe multiple patents owned by Versata.

11. On December 21, 2004, the USPTO duly and legally issued United States Patent No. 6,834,282 ("the '282 Patent"), entitled "Logical And Constraint Based Browse Hierarchy With Propagation Features."

12. By virtue of VDG's ownership of the '282 Patent and VSI's exclusive license, Versata holds all right, title, and interest in and to the '282 Patent, including the right to sue and recover damages for infringement thereof.

13. A true and correct copy of the '282 Patent is attached as **Exhibit A.**

14. On June 14, 2005, the USPTO duly and legally issued United States Patent No. 6,907,414 ("the '414 Patent"), entitled "Hierarchical Interface to Attribute Based Database."

15. By virtue of VDG's ownership of the '414 patent and VSI's exclusive license, Versata holds all right, title, and interest in and to the '414 Patent, including the right to sue and recover damages for infringement thereof.

16. A true and correct copy of the '414 Patent is attached as **Exhibit B.**

17. Dorado makes, uses, licenses, sells, and offers for sale into the State of California, in this judicial district, and elsewhere within the United States, software products that infringe the '282 and '414 patents, including Dorado Redcell Device Driver Factory and Dorado Redcell Synergy (the "Infringing Products"). The Infringing Products are derived from, incorporate, or otherwise utilize the systems and methods protected by the '282 and/or '414 patents.

18. It is Versata's belief that the Infringing Products could not have been developed without a high likelihood that the software suites would infringe upon the '282 and/or '414 patents. Versata reserves its rights to seek leave to amend its complaint if, after discovery, facts are uncovered that substantiate a finding of willful infringement.

## COUNT I: DIRECT INFRINGEMENT OF THE '282 PATENT

19. Versata incorporates the foregoing paragraphs as if fully set forth here.

20. Dorado has been and is now directly infringing the '282 Patent in the State of California, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, and offering for sale the Infringing Products, as well as related services, that are derived from, incorporate, or otherwise utilize the system and method protected be the '282 patent.

21. Dorado's infringement has caused, and is continuing to cause, injury to Versata.

22. Versata has been damaged by Dorado's infringement of the '282 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Dorado is permanently enjoined from infringing the '282 Patent.

23. At least as early as its receipt of Versata's Original Complaint, Dorado has had knowledge of the '282 Patent and written notice of the infringement. Despite such knowledge, Dorado continues to infringe the '282 patent.

### COUNT II: DIRECT INFRINGEMENT OF THE '414 PATENT

24. Versata incorporates the foregoing paragraphs as if fully set forth here.

25. Dorado has been and is now directly infringing the '414 Patent in the State of California, in this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, and offering for sale the Infringing Products, as well as related services, that are derived from, incorporate, or otherwise utilize the system and method protected be the '414 patent.

26. Dorado's infringement has caused, and continues to cause, injury to Versata.

27. Versata has been damaged by Dorado's infringement of the '414 Patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Dorado is permanently enjoined from infringing the '414 Patent.

28. At least as early as its receipt of Versata's Original Complaint, Dorado has had knowledge of the '414 Patent, and written notice of the infringement. Despite such knowledge, Dorado continues to infringe the '414 Patent.

### COUNT III: INDIRECT INFRINGEMENT OF THE '282 PATENT

29. Dorado's customers, licensees, and end users who use the Infringing Products are, in turn, infringing the '282 Patent.

30. Dorado has induced its customers to infringe the '282 Patent by selling them the Infringing Products with the intent that they use the Infringing Products in a manner that infringes upon the claims made in the '282 Patent.

31. At least from the date of receipt of the Original Complaint, Dorado has had knowledge of the '282 Patent, has intended that its customers, licensees, and end users infringe the '282 Patent by their use of the Infringing Products, and has actively induced such infringement by continuing to sell and support the Infringing Products.

32. Dorado's actions have caused, and continue to cause, injury to Versata.

33. Versata has been damaged by Dorado's indirect infringement in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Dorado is permanently enjoined from indirectly infringing the '282 Patent.

## COUNT IV: INDIRECT INFRINGEMENT OF THE '414 PATENT

34. Dorado's customers, licensees, and end users who use the Infringing Products are, in turn, infringing the '414 Patent.

35. Dorado has induced its customers to infringe the '414 Patent by selling them the Infringing Products with the intent that they use the Infringing Products in a manner that infringes upon the claims made in the '414 Patent.

36. At least from the date of receipt of the Original Complaint, Dorado has had knowledge of the '414 Patent, has intended that its customers, licensees, and end users infringe the '414 Patent by their use of the Infringing Products, and has actively induced such infringement by continuing to sell and support the Infringing Products.

37. Dorado's actions have caused, and continue to cause, injury to Versata.

38. Versata has been damaged by Dorado's indirect infringement in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Dorado is permanently enjoined from indirectly infringing the '414 Patent.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Versata Software, Inc., Versata Development Group, Inc. prays for the following relief against Defendant Dorado.

A. A judgment in favor of Versata that Dorado has infringed, Versata's '282, and '414 Patents;

B. A judgment in favor of Versata that Dorado has indirectly infringed Versata's '282 and '414 Patents;

C. A permanent injunction, enjoining Dorado along with its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing directly or indirectly, Versata's '282 and '414 Patents;

D.       A judgment and order finding Dorado to pay Versata damages for Dorado's direct and indirect infringement of Versata's '282 and '414 Patents, together with interest (both pre-and pot-judgment), costs and disbursement as fixed by this Court under 35 U.S.C. § 284; and

E.       Such other and further relief in law or in equity to which Versata may be justly entitled.

DATED: May 9, 2013                        Respectfully submitted,

    /s/ Alisa A. Lipski
Alisa A. Lipski
State Bar No. 278710
alipski@azalaw.com
Demtrios Anaipakos (to be admitted *Pro Hac Vice*)
Texas Bar No. 00793258
danaipakos@azalaw.com
Steven J. Mitby (to be admitted *Pro Hac Vice*)
Texas Bar No. 24037123
smitby@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**
1221 McKinney, Suite 3460
Houston, Texas 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEYS FOR PLAINTIFFS**