UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSATA SOFTWARE, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DORADO SOFTWARE, INC.,<br><br>　　　　　Defendant. | No.  2:13-cv-00920-MCE-DAD<br><br><br>**MEMORANDUM AND ORDER** |

　　　　On May 5, 2013, Plaintiffs Versata Software, Inc. and Versata Development Group, Inc. (collectively, "Plaintiffs") filed this patent infringement action against Defendant Dorado Software, Inc. ("Defendant").  Compl., May 5, 2013, ECF No. 1. Subsequently, on November 26, 2013, Defendant moved for a stay pursuant to Section 18 of the Leahy-Smith America Invents Act ("AIA"), Public Law No. 112-29, 125 Stat. 329.  Mot., Nov. 26, 2013, ECF No. 9.  Plaintiff opposed the stay.  Opp'n, Jan. 9, 2014, ECF No. 10.  Defendant then raised an additional argument on Reply, contending that a stay is also warranted because, since filing its Motion, the United States Supreme Court granted a petition for certiorari in Alice Corp. Pty. Ltd. v. CLS Bank Int'l, Case No. 13-298 ("CLS Bank"), a decision in which could affect the parties' instant dispute.  See Reply, Jan. 16, 2014, ECF No. 11.  In light of Defendant's new arguments for a stay, the Court directed the parties to file simultaneous supplemental briefs, which they did.  See Minute

1

Order, Jan. 22, 2014, ECF No 13; ECF Nos. 14, 15.  The Court has considered all of the parties' original and supplemental briefs and now GRANTS Defendants' Motion.[1]

## BACKGROUND

Plaintiffs contend that Defendant's products infringe upon two of their patents: U.S. Patent Nos. 6,834,282 ("the '282 Patent") and 6,907,414 ("the '414 Patent"). Compl., ECF No. 1.  In response, Defendant asserts, among other defenses, that both patents are invalid under 35 U.S.C. § 101, which dictates generally what matters are patentable.  ECF Nos. 7, 9, 14; see Answer, Sept. 25, 2013 ¶ 40 (second affirmative defense).  Plaintiff has also initiated several other court cases involving these same patents.  See Joint Status Report, ECF No. 8 at 6-7.  In one of those cases, Versata v. Volusion, Inc., 1:12-cv-893, which is currently pending in the Western District of Texas, Plaintiff alleged that Volusion, Inc.'s ("Volusion"), e-commerce software infringes on its '282 patent, as well as on another of its patents, the "'481 patent."  In response, Volusion filed two petitions with the Patent Trial and Appeal Board ("PTAB") seeking review of the validity of Plaintiff's '282 and '481 patents.  Id. at 2.  The PTAB agreed to review a number of claims pertaining to the '282 patent.  Those proceedings are required to be completed by October 24, 2014.  ECF No. 9-1 at 2.  In the meantime, the district court in the Volusion case subsequently stayed proceedings pursuant to the AIA pending a decision by the PTAB.  ECF No. 53 at 6, 1:12-cv-893-SS (Western District of Texas).

Now, Defendant moves for a stay in this action pending the CBM Review of the validity of claims 1-20 of the '282 patent arising out of the Volusion action and the Supreme Court's decision to grant certiorari in CLS Bank, a case, as here, in which 35 U.S.C. § 101 is at issue.  Mot., ECF No. 9; Reply; ECF No. 11.  Plaintiff opposes the stay on both grounds.  Opp'n, ECF No. 10; Pl.'s Supp. Brief, ECF No. 15.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).  See ECF No. 12.

# ANALYSIS

### A. Section 18 of the America Invents Act ("AIA")

Congress enacted the CBM Review program with the intention of it being "a cheaper, faster alternative to district court litigation over the validity of business-method patents." 157 CONG. REC. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer). As was explained on the Senate floor:

> Litigation over invalid patents places a substantial burden on U.S. courts and the U.S. economy. Business-method inventions generally are not and have not been patentable in countries other than the United States. In order to reduce the burden placed on courts and the economy by this back-and-forth shift in judicial precedent, the [CBM Program] authorizes a temporary administrative alternative for reviewing business method patents.

Id. As a result, the "AIA . . . considers the effect of these proceedings on related patent infringement actions and authorizes the district courts to stay such parallel litigation under certain circumstances." Mkt.-Alerts Pty. Ltd. v. Bloomberg Fin. L.P., 922 F. Supp. 2d 486, 489 (D. Del. 2013). The AIA requires this Court to consider four factors:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

§ 18(b)(1), Public Law No. 112-29, 125 Stat. 329. Courts have noted the similarity between the AIA's statutory test and the stay analysis that courts have applied in assessing a motion to stay pending *inter partes* or *ex parte* reexamination by the PTO. See Mkt.-Alerts Pty. Ltd., 922 F. Supp. 2d at 489. "The substantial difference between the test set forth in § 18(b)(1) and that employed by courts in the ordinary patent

reexamination context" is the fourth factor: "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." Id. "This additional consideration was included, in part, to ease the movant's task of demonstrating the need for a stay." Id. at 489-90.

Having applied the above factors, the Court finds that a stay is warranted in this case. First, the PTAB has already determined it is "more likely than not" that a number of claims of the '282 patent are unpatentable. Mot., ECF No. 9-1 at 11. Plaintiffs question, however, whether the decision of the PTAB will simplify the instant action because less than all of Plaintiffs' claims may be resolved before the PTAB. ECF No. 10 at 4. Plaintiffs' contention is not well taken because, regardless, the PTAB's decision will likely provide further guidance for the parties and this Court. If it is determined on review that any claims are invalid, it could significantly alter this action by clarifying and narrowing the claims and defenses available to Plaintiffs and Defendant. Accordingly, this factor weighs in favor of a stay.

The second factor supports a stay as well because this case is still in its infancy. The Court has not yet entered a scheduling order, and the parties have only exchanged initial disclosures. See ECF No. 8 at 3. No other discovery has occurred nor has a Markman claim construction hearing or trial date been set.

The Court further finds that a stay in this case will not unduly prejudice Plaintiffs or present a clear tactical advantage for Defendant. In making this determination, the Court considers "the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship of the parties." Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Illinois, 2013 WL 1662952, at *6 (internal citations and quotations omitted). Here, the PTAB review of Plaintiff's '282 patent is required to be completed relatively shortly, by October 24, 2014, so there likely will be only a minimal delay. Plaintiffs' more persuasive argument is that "[w]ithout taking any positions itself, and without being estopped on any grounds, [Defendant] will be able to delay this case based on a small subset of issues and then later reargue the exact same

issues." Id.  However, this argument is undermined by Defendant's agreement to be "bound by the PTAB's final decision in the CBM Review of the '282 patent except to the extent that the Supreme Court's decision in CLS Bank is inconsistent with or would modify the PTAB's decision."  Reply, ECF No. 11 at 9-10.  Moreover, without a stay, Defendant may be forced to litigate claims that may ultimately prove invalid.  Thus, this factor also favors a stay.

Finally, the Court considers whether a stay will reduce the burden of litigation on the parties and on the Court, a consideration, as noted above, that was added to increase the likelihood that a stay would be granted.  See Mkt.-Alerts Pty. Ltd., 922 F. Supp. 2d. at 489-90.  Because a stay here could eliminate the need to litigate the majority of Plaintiff's claims on the '282 patent in multiple forums and prevent both parties from litigating any claims or defenses that may be significantly altered by a PTAB decision (or the Supreme Court's decision in CLS Bank), this factor also weighs in favor of a stay.  Given that all four factors of Section 18 of the AIA support staying this action, the Defendant's Motion, ECF No. 9, is GRANTED.[2]

### B.    Court's Inherent Authority

A stay is also proper pursuant to the Court's inherent authority.  After Defendant filed its Motion for a Stay on November 26, 2013, ECF No. 9, the Supreme Court granted a petition for writ of certiorari in CLS Bank, a case which will likely provide substantial clarity for lower courts with respect to the application of 35 U.S.C. § 101. See Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 734, 735 (2013); Pet. for a Writ of Cert., Alice Corp. Pty. Ltd. v. CLS Bank Intern. and CLS Services Ltd., 2013 WL 4768483 (U.S.) (noting that the question before the Supreme Court is "[w]hether claims to computer-implemented inventions - including claims to systems and machines,

---

[2] The Court rejects Plaintiffs' argument that a stay is improper because the '414 patent is not being reviewed by the PTAB and thus the claims pertaining to that patent should proceed here.  Plaintiffs cite no authority standing for the proposition that a case should proceed in piecemeal fashion under such circumstances.  Moreover, it would be an inefficient use of judicial resources to stay only those claims in this case that relate to the '282 patent while allowing the claims related to the '414 patent to move forward – especially given that the stay in this matter will likely be lifted in October 2014 at the latest.

1 processes, and items of manufacture - are directed to patent-eligible subject matter
2 within the meaning of 35 U.S.C. § 101 . . .?").  That case is set for oral argument for
3 March 31, 2014.
4      In this case, Defendant "assert[s] an affirmative defense of invalidity under § 101
5 of both the '282 and '414 patents on the grounds that the patents cover unpatentable
6 abstract ideas."  ECF No. 14 at 9; see Answer, Sept. 25, 2013 ¶ 40 (second affirmative
7 defense).  In support of its stay motion, Defendant thus argues that because the
8 Supreme Court will address the issue of whether a claim is directed to a patentable
9 subject matter under § 101 shortly, and because the Court's decision will set the "correct
10 legal standard for determining the patentability of the computer-implemented inventions
11 claimed by [Plaintiffs] in the two patents in this case," this Court should stay the instant
12 action until that case is decided.  ECF No. 14 at 10.  Defendant's argument is well taken.
13      "A trial court may, with propriety, find it is efficient for its own docket and the
14 fairest course for the parties to enter a stay of an action before it, pending resolution of
15 independent proceedings which bear upon the case."  Mediterranean Enterprises, Inc. v.
16 Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).  "This rule applies whether the
17 separate proceedings are judicial, administrative, or arbitral in character, and does not
18 require that the issues in such proceedings are necessarily controlling of the action
19 before the court."  Id.
20      A stay here will serve the ends of efficiency and fairness.  "Neither the Supreme
21 Court nor the Federal Circuit has set forth any definitive framework for conducting the
22 § 101 analysis in the context of an allegedly abstract concept."  Sandborn v. Avid Tech.,
23 Inc., CIV.A. 11-11472-FDS, 2013 WL 4784265, *3 (D. Mass. Sept. 5, 2013).  Although
24 the "Federal Circuit recently attempted to do just that in the context of 'computer-
25 implemented inventions' [in CLS Bank]. . . . no portion of any opinion other than the per
26 curiam judgment in that case garnered a majority.  Thus, though the opinion included
27 lengthy discussion on the topic, it created no binding precedent."  Id. at *3 n.2.  Even
28 Plaintiffs, in their Opposition, agreed that "[t]he law concerning patentability under § 101

is less clear than ever." ECF No. 10 at 3 (describing the Federal Circuit's decision in CLS Bank as a "deeply divided opinion"). Accordingly, it would be a waste of judicial resources for this case to move forward at this time. The most fair and efficient course of action is for this Court to stay this action pending resolution of CLS Bank at the Supreme Court. See Mediterranean Enterprises, Inc., 708 F.2d at 1465.

## CONCLUSION

For the reasons just stated, Defendant's Motion for a Stay of Proceedings, ECF No. 9, is GRANTED, and this matter is STAYED. Plaintiffs and Defendant are directed to file a Joint Status Report within ten (10) days of the latter of either the issuance of a decision by the Supreme Court in Alice Corporation Pty. Ltd. v. CLS Bank International, et. al. (Case No. 13-298) or the issuance of a decision in the Volusion, Inc. v. Versata Software, Inc. et. al. (Case CBM2013-00017) PTAB proceeding. However, if the stay has not already been lifted, not later than 4:00 p.m. on Thursday, October 30, 2014, the parties are directed to file a Joint Status Report advising the Court of the status of the proceedings before the PTAB and the status of the Supreme Court proceedings in Alice Corporation Pty. Ltd. v. CLS Bank International, et. al. (Case No. 13-298).

IT IS SO ORDERED.

Dated: March 27, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT