Alisa Lipski (SBN 278710)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Attorneys for Plaintiff

Audrey A. Millemann, (SBN 124954)
Weintraub Tobin Chediak Coleman Grodin
Law Corporation
400 Capital Mall, 11th Floor
Sacramento, California 95814
Tel: 916-558-6000
Fax: 916-446-1611
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DORADO SOFTWARE, INC., <br><br> Defendant. | No. 2:13-cv-00920-MCE-DAD <br><br> STIPULATION AND PROTECTIVE ORDER |

WHEREAS, Plaintiffs Versata Software, Inc., F/K/A Trilogy Software, Inc.; And Versata Development Group, Inc., F/K/A Trilogy Development Group (collectively, "Versata") and Defendant Dorado Software, Inc. ("Dorado") (collectively, the "Parties"), by and through their attorneys, seek to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the

1

Parties are entitled to keep confidential, to ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial;

WHEREAS, it reasonably appears that the public disclosure of materials, information and things determined to be confidential could cause irreparable financial and competitive harms to the disclosing Party or third party; and

WHEREAS, good cause exists for the entry of a Protective Order that is narrowly tailored to protect the aforementioned confidential material, information, and things of the Parties and any third parties from whom confidential material, information, or things are sought;

Pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. DEFINITIONS

2.1 Party: any party to *Versata Software, Inc., et al v. Dorado Software, Inc.,*, Civil Action No. 2:13-cv-00920-MCE-DAD, and any parent, subsidiary, or affiliate of a party to this Action, including all their officers, directors, employees, consultants, or agents.

2.2 Action: *Versata Software, Inc., et al v. Dorado Software, Inc.,*, Civil Action No. 2:13-cv-00920-MCE-DAD.

2.3 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to

discovery in this matter.

2.4 "Confidential" Information or Items: Confidential information (regardless of how generated, stored or maintained) is defined as comprising or containing: (1) trade secrets under applicable law; (2) commercial information (such as business plans, business strategies, market plans, market and/or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (3) financial information (such as budgeting, accounting, sales figures and advertising expenditures); (4) business relationship information (such as information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries and parents); or (5) technical information (such as research and development information, lab notebooks, block diagrams, system level engineering documents, inventor notebooks and/or files, specifications and design documents, manufacturing documents, quality control /quality assurance documents and data, schematics, blueprints, CAD drawings and data, information relating to future products).

2.5 "Highly Confidential – Attorney's Eyes Only" Information or Items: Highly Confidential Information – Attorney's Eyes Only information is extremely sensitive information and items, the disclosure of which to another Party or nonparty would create a substantial risk of serious injury to the business or competitive interests of the Producing Party that could not be avoided by less restrictive means.

2.6 Receiving Party: a Party or Retained Expert(s) that or who receives Disclosure or Discovery Material from a Producing Party.

2.7 Producing Party: a Party or non-party that or who produces or discloses Discovery Material in this Action. Any non-party shall be entitled the rights and protections provided to a Producing and/or Designating Party.

2.8 Designating Party: a Party or non-party that or who designates information or items that it produces in disclosures or in responses to discovery as "Confidential," or "Highly Confidential - Attorney's Eye's Only."

2.9 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential," or "Highly Confidential - Attorney's Eye's Only."

    2.10    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are specially retained to represent or advise a Party in this action.

    2.11    <u>In-House Counsel</u>: attorneys who are employees or contractors of a Party or a Party's parents, subsidiaries, or commonly controlled companies, or members of the legal staff or the intellectual property department of the parties and who as part of that employment participate in decisions with reference to this Action.

    2.12    <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as members of their support staff).

    2.13    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    2.14    <u>Professional Vendors</u>: persons or entities who or that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to

1 limit any such designation to specific material, which the party believes in good faith qualifies
2 under the appropriate standards. Mass, indiscriminate, or blanket designations are prohibited.

3       If it comes to a Party's or a non-party's attention that information or items that it
4 designated for protection do not qualify for protection, or do not qualify for the level of protection
5 initially asserted, that Party or non-party must promptly notify all other Parties in its respective
6 Action that it is withdrawing the mistaken designation.

7       5.2    <u>Manner and Timing of Designation</u>: Except as otherwise provided in this Order
8 (*see, e.g.*, second paragraph of § 5.2(a), below), or as otherwise stipulated or ordered, material
9 that qualifies for protection under this Order must be clearly so designated before the material is
10 disclosed or produced.

11       Designation in conformity with this Order requires:

12       (a)    For information in document form (apart from transcripts of depositions or other
13 pretrial or trial proceedings), that the Producing Party shall affix the legend "CONFIDENTIAL,"
14 "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," on each page that contains
15 protected material.

16       A Party or non-party that makes original documents or materials available for inspection
17 need not designate them for protection until after the inspecting Party has indicated which
18 material it would like copied and produced.

19       During the inspection and before the designation, all of the material made available for
20 inspection shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S
21 EYE'S ONLY."  After the inspecting Party has identified the documents it wants copied and
22 produced, the Producing Party must determine which documents, or portions thereof, qualify for
23 protection under this Order, and then, before producing the specified documents, the Producing
24 Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
25 ATTORNEY'S EYE'S ONLY") on each page that contains Protected Material.

26       (b)    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, the
27 parties shall have up to twenty (20) business days after receipt of the transcript to designate all
28 protected testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S

1  EYE'S ONLY."

2  All transcripts shall be treated as "CONFIDENTIAL," "HIGHLY
3  CONFIDENTIAL – ATTORNEY'S EYE'S ONLY." until twenty (20) business days after such
4  receipt.

5  Transcripts containing Protected Material must be marked with the legend
6  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," on
7  either the cover of the transcript or the individual pages containing such Protected Material as
8  instructed by the Party or non-party offering or sponsoring the witness or presenting the
9  testimony.

10  (c)  For information produced in some form other than documentary, and for any other
11  tangible items, that the Producing Party affix in a prominent place on the exterior of the container
12  or containers in which the information or item is stored, the legend "CONFIDENTIAL,"
13  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY."

14  5.3  Inadvertent Failures to Designate: An inadvertent failure to designate qualified
15  information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S
16  EYE'S ONLY" does not waive the Designating Party's right to secure protection under this Order
17  for such material. If material is appropriately designated as "CONFIDENTIAL," "HIGHLY
18  CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," after the material was initially produced,
19  the Receiving Party, on timely notification of the designation, must make reasonable efforts to
20  ensure that the material is treated in accordance with the provisions of this Order.

21  6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

22  6.1  Timing of Challenges: A Party does not waive its right to challenge a
23  confidentiality designation by electing not to mount a challenge promptly after the original
24  designation is disclosed.

25  6.2  Meet and Confer: A Party that elects to initiate a challenge to a Designating
26  Party's confidentiality designation must do so in good faith and must begin the process by
27  conferring directly with counsel for the Designating Party.

28  In conferring, the challenging Party must explain the basis for its belief that the

1 confidentiality designation was not proper and must give the Designating Party an opportunity to
2 review the designated material, to reconsider the circumstances, and, if no change in designation
3 is offered, to explain the basis for the chosen designation.

4         A challenging Party may proceed to the next stage of the challenge process only if
5 it has engaged in this meet and confer process first.

6     6.3    <u>Judicial Intervention</u>: A Party that elects to press a challenge to a confidentiality
7 designation after considering the justification offered by the Designating Party may file and serve
8 a motion that identifies the challenged material and sets forth in detail the basis for the challenge.

9         The burden of persuasion in any such challenge proceeding shall be on the
10 Designating Party. The mere designation of information under this order is no evidence of
11 whether the information so designated is in fact, entitled to such protections.

12         Until the Court rules on the challenge, all Parties shall continue to afford the
13 material in question the level of protection to which it is entitled under the Producing Party's
14 designation.

15 **7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

16     7.1    <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed
17 or produced by another Party or by a non-party in connection with this case only for prosecuting,
18 defending, or attempting to settle this litigation.  A Receiving Party is prohibited from using any
19 Protected Material produced by another Party or by a non-party in drafting or prosecuting patents
20 or from rendering advice regarding drafting or prosecuted patents based on Protected Material. A
21 Designating Party is prohibited from using any document in a deposition when the deponent has
22 been, by virtue of this order, prohibited from reviewing the document.

23         Such Protected Material may be disclosed to only the categories of persons and
24 under the conditions described in this Order.

25         When the litigation has been terminated, a Receiving Party must comply with the
26 provisions of section 12, below (FINAL DISPOSITION).

27     Protected Material must be stored and maintained by a Receiving Party at a
28     location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    In-House Counsel of the Receiving Party who are counsel of the Receiving Party or of an affiliate of a Receiving Party, as well as their paralegals and their staff, to whom disclosure is reasonably necessary for this litigation;

      (b)    Employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have executed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (c)    The Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the Parties' Action;

      (d)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for the Parties' Action, (2) and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4, below, have been followed, as well as employees of said experts to whom it is reasonably necessary to disclose the information for the Parties' Action;

      (e)    The Court and its personnel;

      (f)    Court reporters and their staff members, to whom disclosure is reasonably necessary for the Parties' Action;

      (g)    Witnesses during and in preparation for depositions in the Parties' Action who authored or previously received the "CONFIDENTIAL" information or items. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreed Protective Order;

      (h)    Professional Vendors to whom disclosure is reasonably necessary for the Parties' Action, so long as they agree to be bound by this Agreed Protective Order;

   (i) jury or trial consulting service providers retained by counsel for a party, and participants in related mock jury exercises, database managers and the like, so long as they agree to be bound by this Agreed Protective Order; and

   (j) any other person only upon order of the Court or upon prior written consent of all parties, so long as they agree to be bound by this Agreed Protective Order.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY" only to:

   (a) The Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the Parties' Action;

   (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for the Parties' Action, (2) and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4, below, have been followed, as well as employees of said experts to whom it is reasonably necessary to disclose the information for the Parties' Action;

   (c) The Court and its personnel;

   (d) Court reporters and their staff members, to whom disclosure is reasonably necessary for the Parties' Action;

   (e) Witnesses during and in preparation for depositions in the Parties' Action who authored or previously received the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY" information or items. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreed Protective Order;

   (f) Professional Vendors to whom disclosure is reasonably necessary for the Parties' Action, so long as they agree to be bound by this Agreed Protective Order;

   (g) Jury or trial consulting service providers retained by counsel for a party, and participants in related mock jury exercises, database managers and the like, so long as they

agree to be bound by this Agreed Protective Order; and

  (h) Any other person only upon order of the Court or upon prior written consent of all parties, so long as they agree to be bound by this Agreed Protective Order.

 7.4 <u>Procedures for Approving Disclosure of "CONFIDENTIAL, " HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," Information or Items to "Experts":</u>

  (a) unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert, as defined in this Order, any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), and (4) identifies (by name and number of the case, filing date, and location of the court) any intellectual property litigation or patent application in connection with which the Expert has provided any professional services during the preceding five (5) years.

  (b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within fifteen (15) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth the grounds on which it is based.

  (c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to prohibit the disclosure to the Expert may file a motion seeking a protective order from the Court to do so.  Such a motion must be filed within ten (10) business days of the failure to reach an agreement.  If the Party seeking to prohibit disclosure to the Expert fails to file such motion within ten (10) business days of the failure to reach an agreement, then the Party's objection to disclosure thereof is waived. The Party seeking to make the disclosure of the subject Protected Material to the identified Expert shall not disclose such Protected Material to said Expert until the motion for protective order is ruled upon by the Court. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm

that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.6      Disclosure of Source Code

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed.

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)      The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

11

STIPULATED PROTECTIVE ORDER

"Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," the Receiving Party must so notify the Designating Party, by e-mail and overnight delivery service within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform the Party who caused the subpoena or order to issue in the other litigation, in writing, that some or all of the material covered by the subpoena or order is the subject of this Protective Order.

In addition, the Receiving Party must deliver a copy of this Agreed Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

The Designating Party shall bear the burden and the expenses of seeking protection of its confidential material in that court – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Protected Material under the terms of this Confidential Information Protective Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of Protected Material.

In rending such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Protected Material of any other person or Party where such disclosure would not otherwise be permitted under the terms of this Agreed Protective Order.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Agreed Protective Order, the Receiving Party must immediately (a) notify, in writing, the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Any such disclosure shall not constitute a waiver of the Producing Party's designation of the Protected Material.

10. <u>UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION</u>

Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege, the work-product doctrine, or any other privilege and/or immunity prior to the disclosure of any such documents or material.

If, however, a Producing Party determines that it has inadvertently disclosed information that the Producing Party believes is privileged or otherwise immune from discovery, the

Producing Party shall in writing, notify the Receiving Party of the claim, set forth the basis for the claim, and request that the item or items of information be returned or destroyed.

If that request is made, no Party to this action shall thereafter assert that the inadvertent disclosure waived any privilege or immunity.

It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations thereof, as well as all notes, memoranda, or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material.

Return of an inadvertently produced document or material for which the Producing Party has asserted a claim of privilege, work-product-protection, or immunity under this section shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection, or immunity is invalid or inapplicable.  Such relief shall be sought by the Receiving Party within fourteen (14) calendar days of notification of the inadvertent production by the Producing Party. The mere production of the document in the course of this action shall not be a ground for asserting waiver of the privilege, protection, or immunity.

11.   FINAL DISPOSITION

The restrictions on use of Protected Material set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Protective Order.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party.

As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty- (60) day deadline that all Protected Materials have been returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.  MISCELLANEOUS

   12.1   Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to seek further Protective Orders in the future.

   12.2   Right to Assert Other Objections: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreed Protective Order. Similarly, no Party waives any right to object, on any ground, to the admission of any of the material covered by this Protective Order as evidence in the Parties' Action.

   12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

Alisa Lipski (SBN 278710)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
Tel: 713-655-1101
Fax: 713-655-0062
Email: alipski@azalaw.com
Attorneys for Plaintiff

Audrey A. Millemann, (SBN 124954)
Weintraub Tobin Chediak Coleman Grodin
Law Corporation
400 Capital Mall, 11th Floor
Sacramento, California 95814
Tel: 916-558-6000
Fax: 916-446-1611
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC.; and VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DORADO SOFTWARE, INC.,<br><br>Defendant. | Case No.  2:13-cv-00920-MCE-DAD<br><br>EXHIBIT A : Agreement to be bound by Agreed Protective Order |

    I, _____, declare under penalty of perjury that:

    (a)  My present residential address is: _____;

    (b)  My present employer is _____,

    and the address of my present employer is _____;

    (c)  My present occupation is _____; and

    (d)  I have reviewed and carefully read the Agreed Protective Order filed by the parties on _____, 2014 and adopted by the Court on _____, and I expressly agree to be bound by its terms with respect to any documents marked "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," that are furnished to me as set forth in the Agreed Protective Order.

    I further agree (a) not to disclose to anyone any document marked "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY,"  other than as set forth in the Agreed Protective Order and (b) not to make any copies of any documents marked "CONFIDENTIAL," HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY" furnished to me except in accordance with the Agreed Protective Order.

    I hereby consent to the jurisdiction of the above-captioned court with regard to any proceedings to enforce the terms of the Agreed Protective Order.

    I hereby agree that any documents, materials, or information marked "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," that are furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be imparted by me to any other person except in accordance with the Agreed Protective Order and will not be used in drafting or prosecuted patents or to provide any advice regarding drafting or prosecuting patents.

    I hereby agree that, at the termination of this Action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed any documents, materials, or information marked "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYE'S ONLY," that have been furnished to me and will return all documents or things I have prepared reflecting such information.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____     By: _____
                                                     (signature)

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI, MENSING**

Dated: November 25, 2014   /s/ Alisa A. Lipski

Alisa A. Lipski, Attorney for Plaintiffs

**WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN**

Dated: November 25, 2014   /s/ Audrey A. Millemann

Audrey A. Millemann, Attorney for Defendant

## ORDER

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

Dated:  November 25, 2014

_[signature]_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
versata0920.stip.prot.ord.docx